UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT CANNADY,

                    Petitioner,

      -against-

BUREAU OF PRISONS,

                    Respondent.

26-CV-3307 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, currently incarcerated at the Metropolitan Detention Center, brings this *pro se*

petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking to challenge his

detention. For the following reasons, this petition is transferred to the United States District

Court for the Eastern District of New York.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have

jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.

484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but

upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's

physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542

U.S. 426, 442 (2004); *see United States v. Maldonado*, 138 F. Supp. 2d 328, 332 (E.D.N.Y.

2001) ("A petition for a writ of habeas corpus under 28 U.S.C. § 2241 should be addressed to the

district court in the district where the petitioner is confined and his custodian is located.")

Petitioner is currently detained at Metropolitan Detention Center, which is in the judicial

district of the United States District Court for Eastern District of New York. Therefore, in the

interest of justice, this Court transfers this petition to the Eastern District of New York. *See* 28

U.S.C. § 1406(a). The Clerk of Court is directed to transfer this action to the United States

District Court for the Eastern District of New York. Whether Petitioner should be permitted to

proceed further without payment of fees is a determination to be made by the transferee court.[1]

This order closes this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 29, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] Plaintiff did not pay the $5.00 fee or submit an application to proceed *in forma pauperis*.