UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
VINCENT CANNADY,

                Petitioner,

        - against -

BUREAU OF PRISONS,

                Respondents.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
1:26-CV-2833 (PKC)

PAMELA K. CHEN, United States District Judge:

The Court is in receipt of *pro se* Petitioner Vincent Cannady's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"). Petitioner asserts that his sentence has been unlawfully altered because "the sentencing court has directed the Bureau of Prisons not to release him and to suspend credit for time served based on a civil contempt order." (Pet., Dkt. 1, at 1–2.) For the reasons stated below, the Court finds that the Petition has been improperly filed pursuant to Section 2241 and that it is properly a petition for a writ of habeas corpus under 28 U.S.C. § 2255 ("Section 2255"), which must be filed in the district where Petitioner's sentence was imposed—that is, the Southern District of New York. The Court therefore dismisses the Petition in its entirety.

### BACKGROUND[1]

On September 16, 2025, Petitioner was convicted after a jury trial of one count of attempted extortion, in violation of 18 U.S.C. § 1951, in the Southern District of New York. Order of Civil Contempt, *United States v. Cannady*, 7:24-CR-0278 (VB) (S.D.N.Y. Apr. 14, 2026) ("*Cannady*"),

---

[1] The following facts are taken from the Petition and public filings, of which the Court may take judicial notice. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (courts may take judicial notice of court filings).

Dkt. 563. On January 23, 2026, the presiding judge in that matter, the Honorable Vincent Briccetti, sentenced Petitioner to 37 months' imprisonment followed by two years' supervised release, and imposed mandatory restitution. *Id.* To "reasonably ensure defendant's compliance with the restitution order," Judge Briccetti imposed an Order Regarding Verifiable Process for Compliance with Restitution (the "Process Order"). *Id.* Subsequently, based on Petitioner's failure to comply with the Process Order, Judge Briccetti found Petitioner in civil contempt, and, on April 14, 2026, "impose[d] a sanction of civil confinement due to [Petitioner's] contempt." *Id.* Until Petitioner purged his contempt, the "Bureau of Prisons [was directed to] toll the running of [his] 37-month criminal sentence, and [Petitioner was ordered to] remain in custody but receive no credit toward his sentence in [the] criminal case until he purge[d] himself of the contempt or the Court lift[ed] the sanction." *Id.* Judge Briccetti denied Petitioner's request to vacate the Order of Civil Contempt in a separate order. Order Denying Vacatur of Contempt, *Cannady*, Dkt. 564. On April 22, 2026, Petitioner appealed this latter order to the Second Circuit. Notice of Appeal, *Cannady*, Dkt. 565. The Second Circuit has yet to rule on Petitioner's appeal.

One day prior to filing his appeal, Petitioner filed his Petition in the Southern District of New York. (Dkt. 1.) Because Petitioner is currently incarcerated at the Bureau of Prisons Metropolitan Detention Center in Brooklyn, Petitioner's case was transferred to this district on April 29, 2026. (Dkt. 3.)

## DISCUSSION

Section 2241 permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1). However, Section 2241 is the means by which a prisoner may challenge the *execution* of his sentence, such as "calculations by the Bureau of Prisons of the credit to be given for other periods of detention," *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) (citation omitted), "prison

2

disciplinary actions, prison transfers, type of detention and prison conditions," *Campbell v. United States*, No. 12-CV-0716 (JMF) (AJP), 2012 WL 2601938, at *2 (S.D.N.Y. July 5, 2012) (citation omitted), *report and recommendation adopted*, No. 12-CV-0716 (JMF) (AJP), 2012 WL 3024001 (S.D.N.Y. July 24, 2012).  Section 2255, by comparison, is the proper vehicle by which a federal prisoner may challenge the legality of the *imposition* of a sentence.  *Poindexter*, 333 F.3d at 377. Petitions under Section 2255 must be brought before the "court which imposed the sentence."  28 U.S.C. § 2255(a).

Although Petitioner brings a claim under Section 2241, it appears that he is, in fact, challenging the imposition of his sentence, specifically, "that the sentencing court has directed the Bureau of Prisons not to release him and to suspend credit for time served based on a civil contempt order." (Pet., Dkt. 1, at 1.)  This claim does not concern the Bureau of Prisons' calculations of credit, but rather Judge Briccetti's *staying* of Petitioner's 37-month sentence, fundamentally an issue of imposition.  *See* Order of Civil Contempt at 4, *Cannady*, Dkt. 563 (ordering the Bureau of Prisoners to "toll the running of defendant's 37-month criminal sentence").  This kind of challenge properly falls under Section 2255.  *See Jackson v. Terrell*, No. 11-CV-3068 (DLI), 2012 WL 213800, at *2 (E.D.N.Y. Jan. 24, 2012) (determining that petitioner's challenge to an "[o]rder imposing a prison term for civil contempt, staying [p]etitioner's criminal sentence and suspending any credit he was to receive against his criminal sentence for the duration of the civil contempt commitment" was a challenge to the imposition of a sentence).  Had Petitioner originally brought this Petition under Section 2225, the proper venue would lie in the Southern District of New York, where the district court imposed Petitioner's sentence.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "places stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus

under . . . [Section] 2255." *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998). Because second or successive applications may only be heard in limited circumstances, if a district court receiving a motion under some other provision of law "elects to treat it as a motion under [Section] 2255 and then denies it, that may cause the movant's subsequent filing of a motion under [Section] 2255 to be barred as a 'second' [Section] 2255 application." *Id.* Although courts are obliged to construe *pro se* pleadings liberally and to interpret them "to raise the strongest arguments they suggest," *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted), because AEDPA places "stringent limits" on successive habeas applications, courts "should not recharacterize a motion purportedly made under some other rule as a motion made under [Section] 2255 unless . . . the court . . . offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." *Adams*, 155 F.3d at 583–84.

Here, although the Petition appears to be a Section 2255 petition, the Court declines to recharacterize it as such, since even if recharacterized and amended, the petition would not remain before this Court and would have to be transferred back to the Southern District of New York, the proper venue for challenging the imposition of Petitioner's sentence. *See* 28 U.S.C. § 1406(a). Accordingly, the Court denies the Petition, because Petitioner has failed to make the requisite showing to challenge the imposition of his sentence under Section 2241. *See Poindexter*, 333 F.3d at 378 (allowing petitioners to challenge the imposition of a sentence under Section 2241 in narrow circumstances, such as by showing, *inter alia*, that the relief is procedurally unavailable under § 2255). Petitioner may file, if he chooses, a Section 2255 petition in the Southern District of New York.

**CONCLUSION**

Accordingly, the Petition is dismissed.  The Court determines that any appeal from this Order would not be taken in good faith, and IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444 45 (1962).  The Clerk of Court is respectfully directed to close this matter.

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 21, 2026
        Brooklyn, New York

5